# United States Court of Federal Claims

No. 17-333 C
(Filed: May 15, 2017)
Reissued: May 22, 2017[1]

|  |  |
|---|---|
| REMOTE DIAGNOSTIC TECHNOLOGIES LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant | ) ) |
| and | ) ) |
| ZOLL MEDICAL CORPORATION, | ) ) |
| Defendant-Intervenor. | ) ) |

*Robert J. Symon*, Bradley Arant Boult Cummings LLP, Washington, DC, counsel for plaintiff.

*Adam Eric Lyons*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for defendant.

*Thomas Leo McGovern, III*, Hogan Lovells US LLP, Washington, DC, counsel for defendant-intervenor.

**ORDER**

***SMITH*, Senior Judge**

On April 21, 2017, plaintiff, Remote Diagnostic Technologies LCC ("RDT"), filed a Motion for limited discovery, seeking information regarding the United States Defense Logistics Agency Troop Support's ("Agency") basis for its corrective action and the scope of that corrective action. Plaintiff posits that the requested discovery is necessary to fill gaps in the

---

[1] An unredacted version of this opinion was issued under seal on May 15, 2017. The parties proposed redactions, and those redactions are reflected herein.

Administrative Record, and that it is warranted in light of plaintiff's position that the Agency's corrective action is unexplainable absent a showing of bad faith or bias towards Zoll Medical Corporation ("defendant-intervenor" or "Zoll").  For the following reasons, plaintiff's Motion for limited discovery is denied.

Plaintiff initially argues that discovery is warranted because the administrative record is incomplete.  As a threshold matter, it is important to note that this Court's review is limited to findings of fact based on the record before it.  *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005); *see also Stanton v. United States*, 111 Fed. Cl. 263, 266 (2013) (noting that the parties' ability to supplement the AR is "limited").  "'[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'"  *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)); *see also Miller v. United States*, 119 Fed. Cl. 717, 726 (2015); *Stanton*, 111 Fed. Cl. at 266; *Sieben v. United States*, 108 Fed. Cl. 1, 6 (2012).  Evidence not included in the administrative record before this Court should only be examined if the failure to do so would preclude "effective judicial review."  *Axiom*, 564 F.3d at 1380 (internal citation and quotation marks omitted).

Plaintiff argues that the instant case falls into that very gap, and that deficiencies in the administrative record preclude effective judicial review because "[t]he contemporaneous record regarding the Agency's decision to take corrective action is void of any substantive reasons for the corrective action."  Memorandum in Support of Plaintiff's Motion for Limited Discovery (hereinafter "P's Mem.") at 3.  In support of this assertion, plaintiff repeatedly points to a number of amendments imposed through the corrective action, arguing that the rational for those changes is deficient.  This Court does not agree.

This Court is persuaded by the government's explanation that "the fundamental reason for taking corrective action was 'to include a requirement for a printer to be provided with each vital sign monitor, which had been omitted from the original requirement' and to revise 'other minimum requirements to eliminate any potential ambiguity or misunderstanding.'"  Administrative Record at 8586 (hereinafter "AR __").  The government's explanation is specific to each amendment, but it is also overarching, encapsulating the entirety of the corrective action.  The plaintiff's objections are targeted at specific word choice, rather than looking to the corrective action as a whole.  In short, the plaintiff fails to see the forest through the trees.

Furthermore, this Court agrees with the government's position that the plaintiff neglected to consider a barrage of other evidence in support of the corrective action in arguing that the rationale behind the Agency's corrective action was deficient.  *See* Defendant's Response in Opposition to Plaintiff's Motion for Limited Discovery (hereinafter "D's Resp.") at 8.  Plaintiff claims that discovery is necessary because, based on the documents currently in the administrative record, the corrective action appears to have been effectuated without a rational basis for the changes made.  In order to prevail upon a claim that corrective action was made without basis, plaintiff must show why "supplementation might be necessary to help explain the

agency's decision and thereby facilitate meaningful judicial review of the agency decision, particularly when a subjective value judgement has been made but not explained." *Beta Analytics Int'l, Inc. v. United States*, 61 Fed. Cl. 223, 225 (2004) (quoting *Orion Int'l Tech. v. United States*, 60 Fed. Cl. 338, 343 (2004)). The Agency provided a basis for its corrective action—to "'eliminate[] possible ambiguities' and 'revalidate[] each minimum requirement to ensure its essential[ity], and to confirm that no other requirement, like the printer, had been omitted.'" D's Resp. at 13; AR 8586. As the court finds that explanation sufficient, discovery would be unnecessary and would only serve to impede the quick administration of justice.

In addition to its allegation that the administrative record is incomplete, the plaintiff argues that discovery is warranted because it has made a threshold showing of conduct that is hard to explain absent bad faith or bias. In order to make a threshold showing of bias, a plaintiff must provide "sufficient well-grounded allegations of bias to support an inquiry and supplementation." *Pitney Bowes Gov't Sols., Inc. v. United States*, 93 Fed. Cl. 327, 332 (2010) (citing *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 91 Fed. Cl. 347, 355 (2010)). Plaintiff proffers the following three instances from the chronology of this case to support its allegation that bias existed, and, as a result, that discovery is warranted: (1) a meeting request from Zoll, submitted on September 9, 2016 to the Contracting Officer handling the corrective action; (2) a meeting on September 22, 2016, at which Zoll requested that three changes be made to the Solicitation through corrective action; and (3) a phone call on October 11, 2016 between Zoll's Senior Director of Military Sales and a member of the Agency's team reviewing the Solicitation's requirements. P's Mem. at 16.

While these three events may, on the surface, seem to indicate bias may have existed, a deeper look into these occurrences actually suggests the opposite. First, while Zoll did request a meeting on September 9, 2016, the Agency responded by agreeing to meet "as a matter of courtesy," but that the Agency "would be very limited in terms of what [it] could actually discuss." AR 8583. Furthermore, the Contracting Officer stated that "[v]endor meetings are a routine part of contracting" and that "a similar request from RDT would have also been accepted, if requested." *Id.*

Second, it is true that the requested meeting did, in fact, occur on September 22, 2016, and Zoll did request that specific modifications be included in the corrective action. However, what RDT failed to point out is the fact that none of the three requested modifications were included in any amendment to the Solicitation. For example, Zoll requested that the Agency amend the Solicitation such that the award would be made as a best value procurement rather than a lowest-price technically acceptable procurement. Had the Agency amended the Solicitation in such a way, it would most certainly raise suspicions of bias. However, the Agency refused to make such a change, and this procurement continues to be made on a lowest-price technically acceptable basis.

Finally, the plaintiff points to the call between Zoll and *** on October 11, 2017, as an indication that bias occurred. During that call, Zoll indicated to Mr. *** that "it might opt not to

-4-

respond if there were significant modifications to the Solicitation." AR 8584.  Plaintiff attempts to paint this call as "Zoll threatening the Agency to withdraw if the revisions were not as it requested," but this Court does not agree with that interpretation of the encounter.  Mr. *** forwarded the message on to the Contracting Officer, but no subsequent discussion occurred between Zoll and Mr. *** or Zoll and the government as a result of this message.  Upon a more in-depth review of the circumstances surrounding the corrective action, this Court does not find that a threshold showing of bias has been made such that discovery is warranted.

For the reasons set forth above, plaintiff's MOTION for Limited Discovery is **DENIED**.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge